23-6571-cr
United States v. McIntosh

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-six.

PRESENT: RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
 *Circuit Judges*,
MARY KAY LANTHIER,
 *District Judge.**

------------------------------------------------------------------

UNITED STATES OF AMERICA,

  *Appellee*,

 v.            No. 23-6571-cr

LOUIS MCINTOSH, AKA LOU D,
AKA LOU DIAMOND, AKA G,

  *Defendant-Appellant.***

------------------------------------------------------------------

---

* Judge Mary Kay Lanthier, of the United States District Court for the District of Vermont, sitting by designation.

** The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:          DONNA R. NEWMAN, Law
                                  Offices of Donna R. Newman,
                                  PA, New York, NY

FOR APPELLEE:                     BENJAMIN KLEIN (Michael D.
                                  Maimin, *on the brief*), Assistant
                                  United States Attorneys, *for* Jay
                                  Clayton, United States
                                  Attorney for the Southern
                                  District of New York, New
                                  York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Louis McIntosh appeals from a May 3, 2023 amended judgment of the United States District Court for the Southern District of New York (Stein, *J.*) sentencing him principally to a term of 300 months' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Following a two-week jury trial in 2013, McIntosh was convicted on eleven

counts, including Hobbs Act robbery, attempted Hobbs Act robbery,[1] Hobbs Act

robbery conspiracy, possessing firearms as a convicted felon and firearms

offenses under 18 U.S.C. § 924(c).[2] He was originally sentenced principally to a

term of 720 months' imprisonment. After an appeal, the District Court

resentenced him principally to a term of 300 months' imprisonment. On appeal

from that resentencing, McIntosh challenges his sentence as both procedurally

and substantively unreasonable.

## I.      Procedural Reasonableness

"We review a district court's sentencing decision for procedural and

substantive reasonableness, using a 'deferential abuse-of-discretion standard.'"

*United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020). Procedural

reasonableness focuses on whether a district court "fails to calculate the

---

[1] After trial, the District Court overturned the jury's verdict of the attempted Hobbs Act robbery count, which we later reinstated on direct appeal. *United States v. McIntosh*, No. 14-1908, 2023 WL 382945, at *3–5 (2d Cir. Jan. 25, 2023) (summary order).

[2] McIntosh was convicted of four separate § 924(c) offenses, two of which were dismissed by the District Court. We vacated the dismissal of his § 924(c) conviction in connection with the Hobbs Act conspiracy count and affirmed the dismissal of his § 924(c) conviction in connection with the attempted Hobbs Act robbery count in light of *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). *See McIntosh*, 2023 WL 382945, at *1, *5.

3

Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory . . . [,] does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015) (quotation marks omitted).

First, McIntosh challenges the three-level bodily-injury enhancement applied to Count Five[3] under § 2B3.1(b)(3)(D) of the Guidelines.[4] That section applies when a victim sustains an injury more severe than a mere "Bodily Injury" but less severe than a "Serious Bodily Injury." U.S.S.G. § 2B3.1(b)(3)(A), (B). "Bodily injury" is a "significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought," whereas "[s]erious bodily injury" is an "injury involving extreme physical pain or the protracted impairment of a [bodily] function . . . or requiring [significant] medical intervention." *Id.* § 1B1.1 cmt. nn.1(B), (M) (quotation marks omitted). The trial record and Presentence Investigation Report ("PSR") support the District Court's finding that McIntosh repeatedly used a stun gun on a bound and gagged victim's neck and genitals. The District Court did not clearly err in

---

[3] Because the Indictment was renumbered for trial, we refer to the revised count numbers.

[4] We apply the 2021 Guidelines Manual, as the Probation Office did in preparing the Supplemental Presentence Report.

therefore also finding that the victim, who experienced multiple, lengthy shocks to his body, sustained an injury within the meaning of § 2B3.1(b)(3)(D).

Second, McIntosh challenges the four-level leadership enhancement under § 3B1.1(a) that the District Court applied to Counts Five, Seven, and Nine through Eleven. Although McIntosh does not dispute that he held a leadership role, he argues that the charged conduct neither involved five or more participants nor was otherwise extensive. *See id.* § 3B1.1(a). "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of §1B1.3 (Relevant Conduct), . . . and not solely on the basis of elements and acts cited in the count of conviction." *Id.* ch. 3, pt. B intro. cmt. The District Court thus properly relied on the broader robbery scheme in which McIntosh participated rather than limiting its analysis to the counts of conviction. *See United States v. Greer*, 285 F.3d 158, 181–82 (2d Cir. 2002). The PSR, which the District Court adopted without objection, fully supports the District Court's finding that McIntosh led a robbery crew consisting of at least six participants as part of the broader robbery scheme. We accordingly find no error

5

with respect to the challenged four-offense-level increase to these counts under § 3B1.1(a).[5]

Third, McIntosh argues that the District Court improperly increased the sentence imposed on his non-§ 924(c) counts of conviction from 36 months at the original sentencing to 96 months at resentencing without a reasoned explanation. We disagree. At resentencing, the District Court explained the recalculated (and increased) Guidelines range of 262 to 327 months for the non-§ 924(c) counts and noted that the counts of conviction differed from those considered at the original sentencing, including the reinstatement of a conviction that carried the highest Guidelines range. The District Court also considered the § 3553(a) factors, such as the seriousness of McIntosh's robbery conduct and evidence of his post-sentencing rehabilitation. *See United States v. Kimber*, 777 F.3d 553, 565–66 (2d Cir. 2015).

---

[5] McIntosh also challenges the application of a four-level leadership increase to the offense level for his convictions under 18 U.S.C. § 922(g) for possession of a firearm by a convicted felon. He argues that "the felon-in-possession statute relates solely to individual conduct" and that the applicable Guidelines provision, § 2K2.1, "makes no reference to role enhancements." Appellant Br. 26. McIntosh concedes, however, that his Guidelines range was not affected by this increase. Any error is therefore harmless, and we decline to reach this argument.

We accordingly reject McIntosh's challenges to the procedural reasonableness of his sentence.

## II.     Substantive Reasonableness

We also reject McIntosh's argument that his 300-month, below-Guidelines sentence is substantively unreasonable. "[O]ur review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quotation marks omitted). In imposing a below-Guidelines sentence, the District Court carefully considered the nature and severity of McIntosh's offense conduct, which included multiple violent robberies, as well as any mitigating factors in McIntosh's favor. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). On review, we cannot say that McIntosh's sentence is "unsupportable as a matter of law," *Muzio*, 966 F.3d at 64 (quotation marks omitted), or otherwise substantively unreasonable.

### III.    Foreclosed Arguments

McIntosh argues that § 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022).  We disagree.  As McIntosh acknowledges, his "constitutional challenge is foreclosed by our recent decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025), which reaffirmed the constitutionality of § 922(g)(1) post-*Bruen*."  *United States v. Delgado*, 149 F.4th 244, 247 (2d Cir. 2025), *cert. denied*, No. 25-6732, 2026 WL 642823 (U.S. Mar. 9, 2026).  He is therefore entitled to no relief on this basis.

McIntosh separately argues that, in light of *United States v. Taylor*, 596 U.S. 845 (2022), his § 924(c) convictions must be vacated because Hobbs Act robbery does not constitute a "crime of violence."  McIntosh concedes that his argument is foreclosed by *United States v. Barrett*, 102 F.4th 60 (2d Cir. 2024), *rev'd in part on other grounds*, 146 S. Ct. 482 (2026).  We accordingly affirm McIntosh's convictions under § 924(c).

8

We have considered McIntosh's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court